**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ADVANTA IRA SERVICES, LLC, FBO LUIS
B. ROA IRA #8003521,

       Case No.:

    Plaintiff,

v.

GEMINI INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Advanta IRA Services, LLC, FBO Luis B. Roa #8003521 (the "Trust"), by and through its undersigned counsel, hereby sues Defendant, GEMINI INSURANCE COMPANY, and alleges:

## JURISDICTION

1. This is an action for damages in excess of seventy-five thousand dollars ($75,000) exclusive of interest, attorneys' fees and costs.

2. This cause of action is being filed under 28 U.S.C. § 1332 (a)(2), as there is diversity jurisdiction between the parties.

3. At all times material hereto, Plaintiff was and is the owner of that certain real property located at 1852 Blanchard Court, Wesley Chapel, Hillsborough County, Florida (the "Home").

4. Plaintiff is a Florida limited liability company with its principal place of busines in Largo, Florida.

5. Ryman Roofing performed repairs on Plaintiff's property in November of 2018 and during the course of those repairs negligently allowed water to rain inside the Home and cause significant damage.

6. Plaintiff served Ryman Roofing with a Notice of Claim and Opportunity to Repair pursuant to § 558.004, Fla. Stat., on or about April 3, 2020 (hereinafter the "underlying claim").

7. Defendant, GEMINI INSURANCE COMPANY, is the insurer for Ryman Roofing and at all times relevant was authorized to negotiate a settlement on behalf of its insured, Ryman Roofing, through its subsidiary, Vela Insurance Services ("Vela").

8. Defendant is a surplus lines insurer in Florida and is registered in Delaware, with its principal place of business being in Scottsdale, Arizona.

## FACTUAL BACKGROUND

9. Defendant, through its agent, Vela, made an offer to settle the matter on May 14, 2020, for $94,179.02 which Plaintiff accepted the same day.[1] That offer and acceptance is hereinafter referred to as the "Settlement Agreement" and is attached hereto as Exhibit "A."

10. Defendant asked that Plaintiff draft a release as part of the settlement.

11. A release was drafted and sent the same day (May 14, 2020).

12. Defendant did not sign, object or edit the release in any way.

13. Defendant stated on May 22, 2020, "Spoke with our policyholder this morning. They will be executing the release and sending to me. I will let you know once I receive it. Have a great weekend."

14. Defendant never Plaintiff's counsel sent a signed release.

15. Plaintiff asked Defendant repeatedly what the hold-up was and Defendant finally responded on June 9, 2020, that Defendant had a call scheduled "with the insured and their broker on Wednesday afternoon to go over the release. They had a few questions and concerns, that will be resolved Wednesday."

16. On June 11, 2020, Defendant indicated that the call was changed to Friday (June 12).

17. On June 16, 2020, Plaintiff's attorney asked for an update and received no response.

---

[1] This bizarre settlement offer was calculated and proposed by Defendant.

18. Plaintiff sent a slightly different proposed release to Defendant on June 17, 2020, that provided for a mutual release of any potential claims ("Final Release").

19. Defendant once again did not object, edit or sign this Final Release.

20. Plaintiff's counsel sent Defendant the Plaintiff's signature on the Final Release on July 8, 2020.

21. Defendant did not object or edit the Final Release.

22. The Final Release called for payment to be due within twenty (20) days of Plaintiff's signature, which would have made payment due on or before July 29, 2020.

23. Defendant did not pay the required amount and as of the date of this filing still has not forwarded the funds required under the Settlement Agreement and Final Release.

24. Defendant still has not signed the Final Release, proposed edits to the Final Release or objected to the Final Release.

25. Defendant has refused to pay funds pursuant to that settlement without any explanation.

26. Defendant has also refused to sign, edit or contribute meaningfully in any way to two different releases that were sent to Defendant for its approval.

27. On August 14, 2020, Defendant's agent sent an e-mail to Plaintiff's counsel indicating that a letter would be forthcoming detailing "our position as to the alleged damages and the cost of same," that Defendant would like for Plaintiff to "reconsider the offer that was made" and that Defendant is "open to re-start the negotiations…."

28. Thus, Defendant has made it clear that its sole issue with the settlement is that Defendant (or Defendant's insured) believes that it settled for an amount that is too high.

29. To date, Defendant has not provided any such letter to Plaintiff's counsel.

30. Plaintiff is entitled to the full amount of the agreed settlement amount of $94,179.02 plus interest calculated at the statutory rate from, at the very latest, July 29, 2020.

## COUNT I – BREACH OF CONTRACT (BREACH OF SETTLEMENT AGREEMENT)

31. Plaintiff adopts, realleges and incorporates by reference the allegations contained in paragraphs 1through 30 above as though fully set forth herein.

32. Defendant entered into a settlement agreement with Plaintiff to settle the underlying case for $94,179.02.

33. There was a mutual reciprocal assent to every essential element of the settlement agreement.

34. Defendant breached the settlement agreement by failing to pay the amount that Defendant proposed and Plaintiff accepted.

35. As a direct and proximate result of the failure to pay the settlement amount, Defendant has suffered damages in the amount of $94,179.02 plus interest.

WHEREFORE, Plaintiff demands judgment against Defendant for: (i) all general and special damages including the full cost of repair or replacement of Plaintiff's insured property; (ii) pre-judgment interest; (iii) Court costs, costs, expert fees and any applicable attorneys' fees, including fees pursuant to Fla. Stat. § 626.9373.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Dated this 28th day of August, 2020.

/s/ Matthew L. Wilson
**MATTHEW L. WILSON**
Florida Bar No: 0086819
**WILSON REEDER & ZUDAR, P.A.**
6507 Gunn Hwy
Tampa, Florida 33625
Telephone: (813) 575-4100
Facsimile: (813) 575-3801
Primary E-mail: mwilson@wrzlaw.com
Secondary E-mail: zlaboy@wrzlaw.com
Trial Counsel for Plaintiff